EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff
CHRISTOPHER P. NAEYAERT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER P. NAEYAERT,<br><br>   Plaintiff,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION, et al.<br><br>   Defendants. | CASE NO.: 5:17-cv-0950 SJO (SPx)<br><br>Assigned to: Hon. S. James Otero<br><br>**NOTICE OF RELATED CASES**<br>**[Local Rule 83-1.3]** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3, Plaintiff Christopher P. Naeyaert ("Plaintiff") files the instant Notice of Related Case. The case <u>Bahamas Surgery Center, LLC v. Kimberly-Clark Corporation, et al.</u>, U.S. District Court, Central District of California, Case No. 2:14-cv-08390-DMG-PLA, the Honorable Dolly M. Gee presiding, was filed on October 29, 2014 (the "Bahamas Case"). The case <u>Medline Industries, Inc. v. Kimberly-Clark Corporation, et al.</u>, U.S. District Court, Central District of California, Case No. 2:16-cv-08571 DMG (PLAx), was filed on November 17, 2016 (the "Medline Case"). The Bahamas Case and the Medline Case shall collectively be referred to hereafter as the "Related Cases."

For the reasons stated below, this case (a) arises from the same or a closely related transaction, happening, or event as the Related Cases, (b) calls for a determination of the same or substantially related or similar questions of law and fact as the Related Cases, and (c) would likely entail substantial duplication of labor if heard by a different judge from the Related Cases.

First, like the present case, the Related Cases pertain to Kimberly-Clark Corporation's marketing and sale of medical gowns in which the plaintiffs in all three cases allege that Kimberly-Clark falsely represented the gowns as passing relevant industry standards for liquid barrier protection and concealing its knowledge that these standards had not been satisfied.

Second, assigning the present case to a different judge from the Related Cases would result in unnecessary duplication of labor, create a risk of inconsistent rulings, and would thus be counter to the interest of judicial economy. The presiding judge in the Related Cases has acquired extensive knowledge and familiarity over the subject matter of the Related Cases. Judge Gee has presided over the Bahamas Case for more than two and a half years and recently presided over a two week trial in which the jury rendered a verdict for the plaintiff and the class in the amount of $454 Million. The Court subsequently also found for the Plaintiff as to Plaintiff's UCL claim and issued

detailed findings of fact and conclusions of law. [Dkt No. 529.] The Bahamas Case has been extensively litigated before Judge Gee, with more than 500 docket entries having been generated in the case. During this time, the parties have conducted extensive discovery, including producing documents, taking depositions, and providing expert discovery. Judge Gee also issued detailed written orders on class certification and the defendants' motion for summary judgment, after hearing extensive oral argument, and has provided many additional rulings on important issues in the case.

Judge Gee also presides over the Medline Case. The plaintiff in the Medline Case alleges that Kimberly-Clark, along with Halyard Health, Inc., falsely advertised the fluid barrier protection qualities and effectiveness of the AAMI Level 4 MICROCOOL* Breathable High Performance Surgical Gowns (the "MicroCool Gowns") and the AAMI Level 3 ULTRA Surgical Gowns (the "Ultra Gowns"). The plaintiff asserts that Kimberly-Clark and Halyard Health's false representations and concealment of material facts was false advertising and unfair competition that diverted sales away from the plaintiff's competing products. Importantly, like this case, the Medline Case was not assigned to Judge Gee upon filing. Less than a week after a notice of related case was filed in the Medline Case, on November 23, 2016, Judge Gee signed a consent to the transfer of the Medline case to Judge Gee's calendar.

Finally, reassigning the case at this early stage would not cause any prejudice to Kimberly-Clark or this Court. This Court has not made any substantive rulings in the case, the pleadings are not yet at issue, no trial has been set, a scheduling order has not been entered, and the parties have not commenced discovery. Accordingly, reassignment to the appropriate judge with the most familiarity with the facts and law of this case at this juncture would be the most prudent course.

/ / /

/ / /

/ / /

/ / /

**I. THE CASES SHOULD BE DEEMED RELATED BECAUSE THEY ARISE OUT OF THE SAME NUCLEUS OF FACTS AND INVOLVE THE SAME LEGAL AND FACTUAL ISSUES.**

This action and the Related Cases seek redress from defendant Kimberly-Clark Corporation for its false and misleading representations in connection with its advertising, promotion, marketing, and sale of medical gowns, which it claimed provided the highest levels of liquid barrier protection from the transfer of bodily fluids, bacteria, and infection between a patient and healthcare professional. Plaintiff Christopher Naeyaert ("Plaintiff") was a healthcare worker at Eisenhower Medical Center (one of the class members in the Bahamas Case). Plaintiff alleges that contrary to its representations, Kimberly-Clark has known since at least as early as 2012 that its ULTRA Surgical Gowns (hereafter, the "Ultra Gowns") failed industry standard tests, did not pass the relevant standards for gowns represented to be AAMI Level 3, and are unsafe as a result. And yet from at least as early as 2012 to the present, Plaintiff asserts that Kimberly-Clark has continued to falsely represent the Ultra Gowns as AAMI Level 3, and misrepresent to customers and the general public that these gowns provide among the highest levels of liquid protection and are thus supposedly effective when treating patients with serious diseases; despite all the while knowing and failing to disclose that they are unsafe for AAMI Level 3 medical procedures and pose great risk of bodily harm and possibly death to patients and healthcare professionals worldwide. Plaintiff used the Ultra Gowns in connection with assisting with the medical treatment of patients. Plaintiff alleges that as a result of Kimberly-Clark's false representations and concealment of material facts, Plaintiff suffered serious injuries.

**II. IN THE INTERESTS OF JUDICIAL ECONOMY, AND CONSISTENCY, THE CASES SHOULD BE RELATED.**

In light of the closely related factual and legal issues presented in these cases, Plaintiff Naeyaert submits that litigating the Related Cases and this case in separate

courtrooms will create a substantial duplication of labor if heard by different judges. As noted above, Judge Gee is already familiar with the facts and the relevant law by presiding over the Bahamas Case for more than two and a half years, including having presided over a two week jury trial resulting in a verdict.

Judge Gee also presides over the Medline Case after that case was deemed related, and will be deciding a motion to dismiss and to transfer venue filed by the defendants, including Kimberly-Clark.

The parties have conducted extensive discovery under the direction provided by Judge Gee's rulings in the Bahamas Case.

Further, Judge Gee has ruled on many important motions, including, among others, Kimberly-Clark's motion for summary judgment, Kimberly-Clark's motion to dismiss pursuant to Rule 12(b)(6), and the plaintiffs' motion for class certification.

Evidence relating to the quality and compliance problems with the Ultra Gowns, particularly as it related to sleeve seam failures and strikethrough, complaints made to Kimberly-Clark regarding sleeve seam failures and strikethrough, and lessons learned from the compliance problems the company experienced in attempting to address the issues with the Ultra Gowns, were presented at trial in the Bahamas Case.

Moreover, evidence at trial in the Bahamas Case showed that the Ultra Gowns were manufactured at the same facility in Honduras where the MicroCool Gowns were made, that the Ultra Gowns' sleeve seams were sealed using the same defective and substandard bar sealer machines as the MicroCool Gowns, and that as a result, the Ultra Gowns had the same problems with sleeve seam failures as the MicroCool Gowns.

In addition, like this case, the Medline Case involves allegations of misrepresentations, concealment of material facts, and defects with the Ultra Gowns.

In sum, a new judge having to spend the time and effort to get up to speed and become familiar with the myriad of relevant factual and legal issues when Judge Gee has already done so would result in a substantial and expensive duplication of labor, and further, creates an unnecessary risk of inconsistent rulings.

### III. CONCLUSION

Accordingly, the present case and the Related Cases are "related cases" within the meaning of Local Rule 83-1.3 and the present case should be assigned to Judge Gee.

Dated: May 16, 2017

EAGAN AVENATTI, LLP

By:     /s/ Michael J. Avenatti
Michael J. Avenatti
Attorneys for Plaintiff
Christopher P. Naeyaert