ALEXANDER CALFO (State Bar No. 152891)
acalfo@kslaw.com
JULIA ROMANO (State Bar No. 260857)
jromano@kslaw.com
KING & SPALDING LLP
633 West Fifth St., Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER P. NAEYAERT, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware Corporation; and DOES 1 through 10, ROES 1 through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT KIMBERLY-CLARK CORPORATION'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASES**<br><br>**[Local Rule 83-1.3.3]** |

Defendant Kimberly-Clark Corporation ("Kimberly-Clark") opposes Plaintiff Christopher P. Naeyaert's request to reassign this case pursuant to Local Rule 83-1.3.3.  This attempt to transfer a case regarding a different product and alleging a different injury than the claimed related cases—to the court that is not even presiding over Plaintiff counsel's first-filed action regarding surgical gowns no less—is another transparent attempt to forum shop and is precisely the sort of gamesmanship the related case rules exist to deter.  Plaintiff's request should be rejected.

## I.   INTRODUCTION

This is a workplace-injury case in which Plaintiff apparently seeks recovery of damages for unspecified personal injuries allegedly caused by his use of an ULTRA* surgical gown—a medical device manufactured and sold by Kimberly-Clark—while working as a physician's assistant for Eisenhower Medical Center ("Eisenhower").  Plaintiff's lawsuit is fundamentally different from the two cases Plaintiff identified in his Notice of Related Cases.  The class action (*Bahamas Surgery Center, LLC v. Kimberly-Clark Corporation*, No. 2:14-cv-08390-DMG-PLA) ("*Bahamas*"), for example, alleges that **hospitals** and other **institutional medical providers** "overpaid" for a completely different surgical gown, the MICROCOOL* Breathable High Performance Surgical Gown ("MICROCOOL*").  The "false advertising" case (*Medline Industries, Inc. v. Kimberly-Clark Corporation*, No. 2:16-cv-08571 DMG (PLAx) (C.D. Cal.)) ("*Medline*"), alleges that Medline, a **competitor** of Kimberly-Clark and Halyard Health, Inc. (who is also a defendant in *Bahamas*), suffered lost sales and other **competitive** harm.  In stark contrast, the workplace-injury claims at issue here involve an entirely different type of plaintiff, different alleged injuries, different legal claims, different key events, and different requests for relief.  And *Bahamas* is now in post-trial proceedings.  No relatedness to it can enhance efficient resolution of the present case.

Plaintiff's Notice is in reality a transparent attempt at forum shopping. Plaintiff's counsel here also represents the plaintiff in yet another lawsuit involving Kimberly-Clark surgical gowns that is before the Honorable John A. Kronstadt, *United States, ex rel. Hryar Shahinian v. Kimberly-Clark Corporation*, No. 2:14-cv-08313-JAK-JR (C.D. Cal.) ("Qui Tam Action").  The Qui Tam Action involves alleged violations of the federal False Claims Act arising from the sale of Kimberly-Clark surgical gowns, and that action was filed ***before*** *Bahamas* or *Medline*.  Yet, no attempt to transfer *Bahamas* or *Medline* to Judge Kronstadt was ever made, and Plaintiff's present Notice makes no mention of the Qui Tam Action whatsoever.  A finding that the present case is related to a previously filed one would, under this District's internal procedures, require the reassignment of this case to Judge Kronstadt, where the first-filed case raising allegations about Kimberly-Clark gowns is pending, relief Plaintiff's counsel has never sought to obtain.  General Order No. 16-5, II.I.2.

In reality, none of the cases are sufficiently similar to each other to warrant burdening any single judge with the kind of *de facto* MDL Plaintiff appears to be trying to manufacture.  Accordingly, this Court should decline to reassign the case.

## II.   BACKGROUND

### A. Procedural History Of The Purportedly Related Cases

The instant case is the fourth lawsuit filed by various entities or individuals, all represented by Plaintiff's counsel (Eagan Avenatti), against Kimberly-Clark (and in some cases Halyard Health, Inc.) for issues allegedly arising from the sale and use of surgical gowns.

The first lawsuit to be filed was the Qui Tam Action, filed on October 27, 2014 and assigned to Judge Kronstadt.  Two days later, the relator in the Qui Tam Action also filed *Bahamas*, a putative consumer-fraud class action.  That case was assigned to Judge Gee.  The plaintiff there represents a class of California end-purchasers of the MICROCOOL* gown – a different surgical gown from that at

2
DEFENDANT'S OPPOSITION TO NOTICE OF RELATED CASE

issue in Plaintiff's lawsuit – based on sales from February 12, 2012 through January 11, 2015. *Bahamas* does not claim damages for any personal injuries arising from the use of the MICROCOOL* gown, but rather that class members because of fraudulent omissions regarding the MICROCOOL* gown paid too much for them. That claim for fraudulent concealment was tried, and the jury returned a verdict on April 7, 2016 in Bahamas's favor. The Court subsequently adjudicated Bahamas's only remaining claim, that for violation of California Business and Professions Code (Cal. Bus. & Prof. Code § 17200). The parties are currently engaged in post-trial motion practice.

Only after Bahamas obtained a favorable jury verdict before Judge Gee on April 7, 2017 did counsel for Relator Shahinian file a notice of related case in the Qui Tam Action, inexplicably requesting that ***the first-filed Qui Tam Action*** be reassigned to Judge Gee, in contravention of this District's procedures requiring assignment to the first-filed matter. *See* Notice of Related Cases, Qui Tam Action, Dkt. No. 55 (C.D. Cal. Apr. 14, 2017). On April 19, 2017, Judge Kronstadt entered an Order declining the reassignment of any of these cases. Order, Qui Tam Action (C.D. Cal. Apr. 19, 2017).

Finally, on November 17, 2016, Plaintiff's counsel also filed *Medline*, a third case in this District against Kimberly-Clark and Halyard Health, Inc. *Medline* involves claims for false advertising and promotion under the federal Lanham Act (Section 43(a)), false advertising (Cal. Bus. & Prof. Code § 17500), unfair competition (Cal. Bus. & Prof. Code § 17200), and common-law unfair competition. The lawsuit targets the MICROCOOL* gown, as well as a different model of gown known as the ULTRA* surgical gown, which is not at issue in the Qui Tam Action or *Bahamas*.

*Medline* was originally assigned to the Honorable Stephen V. Wilson. But before the plaintiff served the complaint on Kimberly-Clark, the plaintiff filed a Notice of Related Cases identifying *Bahamas* as a related case, never mentioning

the also-pending, first-filed Qui Tam Action.  Notice of Related Cases, *Medline*, Dkt. No. 4 (C.D. Cal. Nov. 17, 2016).  *Medline* was then reassigned to Judge Gee.  Order, *Medline*, Dkt. No. 9 (C.D. Cal. Nov. 23, 2016).  Because Medline's counsel filed the Notice *ex parte* before Kimberly-Clark was even served, Kimberly-Clark did not have the opportunity to object to the transfer.  After being served with the complaint, however, Kimberly-Clark moved to transfer *Medline* to the Northern District of Georgia, the appropriate forum for that action.  *See* Motion to Dismiss and to Transfer Venue, *Medline* (C.D. Cal. Mar. 31, 2017).  Kimberly-Clark's motion is now fully briefed and pending resolution by the Court.  It is set for hearing on May 26, 2017.[1]

### B. The Instant Action

Plaintiff initiated this lawsuit in the Superior Court of California, for the County of Riverside, on July 21, 2016.  Plaintiff named as defendants both Kimberly-Clark and his employer Eisenhower.  The FAC alleges that Eisenhower (not Plaintiff) purchased ULTRA* surgical gowns and made them available for its employees, including Plaintiff, to use during surgeries.  (FAC ¶ 1.)  Plaintiff further alleges that the ULTRA* gowns were defective, and that as a result of those defects a gown he wore during a surgery failed, allowing bodily fluids to contact him, resulting in a non-specific "infection."  (*Id.*)  Plaintiff apparently seeks recovery for alleged physical and emotional injuries.  (*See* Plaintiff's Mar. 10, 2017 Case Management Statement, attached as Ex. "A" to Kimberly-Clark's Notice of Removal ("While an employee of Eisenhower Medical Center, Plaintiff suffered medical and emotional damages that are unknown at that time . . .").)

---

[1] Plaintiff's Notice Of Related Case filed in the Qui Tam Action also asserted relatedness to *Medline* before Judge Gee.  Judge Kronstadt, however, declined to transfer the Qui Tam Action to Judge Gee as well.  *See* Order, *Medline*, Dkt. No. 39 (C.D. Cal. Apr. 19, 2017).

Kimberly-Clark timely and properly removed this case to this Court on May 15, 2017.  The next day, Eagan Avenatti filed a Notice of Appearance on behalf of Plaintiff in this action, dismissed Eisenhower without prejudice, and filed the instant Notice of Related Cases.  As in counsel's prior Notices, Plaintiff identifies only the *Bahamas* and *Medline* cases as purportedly related cases, but fails entirely to mention the first-filed Qui Tam Action.

## III.   ARGUMENT

As an initial matter, it is premature to transfer this case based on any relation with *Medline*, since a motion to transfer *Medline* out of this district is currently pending before Judge Gee. *See* Motion to Dismiss and to Transfer Venue, *Medline* (C.D. Cal. Mar. 31, 2017).  If granted, there is simply no basis to transfer this case, as the only remaining case before Judge Gee—*Bahamas*—will by then be essentially resolved.  As explained above, *Bahamas* is already in post-trial briefing, while Kimberly-Clark has not even responded to Plaintiff's FAC in this case.

Even if the motion to transfer *Medline* is not granted, it would still be premature to transfer because Kimberly-Clark believes Plaintiff's FAC is hopelessly defective.  No transfer decision should be made until the parties and the Court have clarity on what claims, if any, Plaintiff can or will actually pursue, given the unclear nature of his fraud/personal injury claims as currently pled.

In any event, even if the Court were to decide this motion at the present time, this case would not meet the standard for transfer to Judge Gee.  Local Rule 83-1.3.1 requires parties to file a Notice of Related Cases whenever two or more cases in this District:

(a) arise from the same or a closely related transaction, happening, or event;
(b) call for determination of the same or substantially related or similar questions of law and fact; or
(c) for other reasons would entail substantial duplication of labor if heard by different judges.

None of these requirements are satisfied.

***First*, *Bahamas* is irrelevant to consideration of Plaintiff's Notice because that case has already proceeded through trial**. As the case is essentially ended, there are no efficiencies to be gained from presenting this case and *Bahamas* before the same judge. Moreover, *Bahamas* relates entirely to a medical gown—the MICROCOOL* surgical gown—not at issue in this case, which involves only allegations regarding the ULTRA* surgical gown.

***Second*, *Medline* does not require transfer because Plaintiff's claims against Kimberly-Clark in this action do not arise from the same transaction or events as the plaintiff's claim in *Medline***. While there may be some limited overlap with issues to be resolved in *Medline*, the instant case presents numerous unique issues that indicate the case will proceed quite differently than in *Medline*. As discussed above, Plaintiff alleges that he experienced personal injuries as a result of his use of the ULTRA* surgical gown during a procedure on a particular (although not stated) date while working at Eisenhower. (FAC ¶ 1.) Plaintiff further alleges that his employer Eisenhower, and not he, purchased the ULTRA* surgical gowns, and made them available for its employees to use in surgeries. (*Id*.) Thus, this is a workplace-injury case, not a business-tort case in which Plaintiff seeks economic damages, as in *Medline*. Discovery and motion practice here will need to dive into the events surrounding Plaintiff's alleged "infection." These facts are specific only to this case and the circumstances of Plaintiff's employment.

***Third*, this case presents distinct legal and factual issues**. Should Plaintiff's claims survive beyond the pleadings stage, a central issue during discovery and then at trial will be that of causation, *i.e.*, what was the cause of Plaintiff's alleged personal injury. This will require investigation of Plaintiff's medical history, the nature and extent of his alleged injury as well as its cause, and his alleged use of the ULTRA* gown. Another issue will be that of notice, which will require discovery into Kimberly-Clark's knowledge of the allegedly defective

1 condition in the ULTRA* gowns, as well as what information was provided to
2 Plaintiff and his employer about the ULTRA* gown.  Plaintiff's reliance, or lack
3 thereof, on any specific representation made by Kimberly-Clark regarding the
4 ULTRA* gowns will also be an issue in this case.  These issues are largely distinct
5 from the issues presented in *Medline* or *Bahamas*, neither of which involves any
6 claim of personal injury or any individual's use of the gowns.  (Findings of Fact
7 and Conclusions of Law, *Bahamas*, Dkt. No. 529 at 7 (C.D. Cal. May 15, 2017)
8 (finding "no evidence that anyone had suffered physical harm").

9      *Fourth*, **separate consideration of these cases will not result in**
10 **duplication of efforts**.  As described above, this case presents unique factual and
11 legal issues that have not and will not be considered in the purportedly related
12 cases, and therefore reassignment will not result in gained efficiencies.  Should this
13 case proceed, extensive discovery remains to be conducted on the ULTRA*
14 gown's purported connection to the facts unique to this case, including for
15 example, the high probability of case-specific medical expert discovery and the
16 collection of extensive medical and employment records, which will not be
17 expedited by reassigning this case.

18      *Finally*, **Plaintiff's transparent attempt at forum shopping further**
19 **compels declining reassignment in this case.**  There is gamesmanship afoot here,
20 which is most clearly demonstrated by Plaintiff's omission of the first-filed Qui
21 Tam Action from his Notice, despite counsel's prior representations to this District
22 that the Qui Tam Action is a related case.  Plaintiff's omission is a clear attempt to
23 avoid this Court's first-filed transfer rule.  *See* General Order No. 16-5, II.I.2.[2]  If

---

[2] *See also Alltrade Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (finding "that the first-to-file rule is not limited to cases brought in different districts"); *Olin Corp. v. Continental Casualty Co.*, No. 2:10-cv-00623, 2011 WL 1337407, at *2 (D. Nev. April 6, 2011) (stating that "the purpose of the first-to-file rule can even be served by applying the rule where related cases are

Plaintiff's arguments of judicial economy are to be believed, there is no justifiable reason for omitting the Qui Tam action, other than to advance a misguided forum-shopping endeavor within this District.  The Court should not reward Plaintiff and should decline reassignment because it will not serve the interests that underlie L.R. 83.1.3.

In the alternative, if transfer is appropriate, this case should be transferred to Judge Kronstadt, as the judge presiding over the first-filed case.

## IV. CONCLUSION

For the foregoing reasons, the Court should decline to reassign this case under L.R. 83.1.3.

DATED:  May 18, 2017              **KING & SPALDING LLP**

By: /s/ Alexander Calfo
    Alexander Calfo

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION

---

pending before two judges in the same district") (internal quotation marks omitted).