NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER P. NAEYAERT,<br><br>  Plaintiff,<br><br>  v.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>  Defendant. | CASE NO. 5:17-cv-00950-JAK-JPR<br><br>**STIPULATED CONFIDENTIALITY ORDER**<br><br>Judge:  John A. Kronstadt<br>Magistrate Judge:  Jean P. Rosenbluth |

**A.  Purposes and Limitations**

Plaintiff Christopher P. Naeyaert ("Plaintiff") and Defendant Kimberly-Clark Corporation ("Defendant" and collectively the "Parties") believe discovery in this Action is likely to involve production of confidential, proprietary, trade secret, and/or private information, including personal medical information, for which special protection from public disclosure and from use for any purpose other than litigating this action would be warranted.  Having met and conferred, Plaintiff and Defendant stipulate to and petition the Court to enter the following Stipulated Confidentiality Order ("Confidentiality Order").

**B.  Definitions**

1.  Party:  any party to this action, including all of its officers, directors, employees, or other persons who produce, supply, or provide access to information, documents or other tangible items for use in this action in the course of discovery.

2.  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, initial disclosures, responses to discovery requests, all deposition testimony and exhibits, transcripts, tangible things, or information derived directly therefrom), that are produced, deemed produced, or generated in disclosures or responses to discovery, or pursuant to any stipulation or agreement between or among the Parties, in this matter.

3.  Sensitive Personal Information:  material or information not appropriate for public disclosure because of personal privacy interests, such as bank accounts, social security numbers, or home addresses.

4.  Private Medical Information:  materials, documents, and medical records containing personal medical information or history.

5.  CONFIDENTIAL Information or Items:  information (regardless of how generated, stored or maintained) or documents that any Designating Party reasonably

believes is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c).

6. <u>HIGHLY CONFIDENTIAL Information or Items</u>: extremely sensitive information or documents the disclosure of which the parties believe would create a substantial risk of harm to the competitive position of the Designating Party that could not be avoided by less restrictive means. Such items may include but do not necessarily include: (i) marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement; (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; (v) product specifications and manufacturing processes; (vi) development of new products or technologies; (vii) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; and (viii) Private Medical Information or Sensitive Personal Information.

7. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

8. <u>Producing Party</u>: a Party or non-party, including but not limited to a third-party subpoena recipient, that produces Disclosure or Discovery Material in this matter.

9. <u>Designating Party</u>: a Party or non-party, including but not limited to a third-party subpoena recipient, that designates Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

10. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. <u>Outside Counsel</u>: attorneys, including their support staffs, who are not employees of a Party but who are retained to represent or advise a Party in this action.

12. <u>In-House Counsel</u>: attorneys who are employees of a Party.

13. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

14. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as an investigator or consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action, and all persons and support staff within the Expert's organization.

15. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., court reporting; photocopying; videotaping; translating; preparing exhibits or demonstrations; hosting or reviewing documents or data; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

16. <u>Competitor</u>: any person or entity that is engaged in the medical device business or the business of supplying medical device products or materials or machinery used in the manufacture of medical device products, or any person or entity that competes with Defendant, or any individual who is currently an agent, consultant, officer, director, or employee of any such person or entity.

**C. Scope**

The protections conferred by this Stipulation and Confidentiality Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all notes, copies, abstracts, excerpts, summaries, reproductions, or compilations thereof, plus testimony or conversations or presentations by the Parties or Counsel in settings that reveal Protected Material (collectively, "Secondary Materials"), and electronic images and databases. The protections conferred by this Stipulation and Order do not, however, cover disclosure

or use of Protected Material at trial in this action.  The Parties agree to meet and confer in good faith regarding the protection, if any, to be afforded to Protected Material and Secondary Material at trial at least sixty (60) days before trial commences.  If the Parties are able to reach agreement they shall submit such proposed procedures to the Court for its approval or modification.  If the Parties are unable to reach agreement in whole or in part regarding the protection, if any, to be afforded to Protected Material and Secondary Material at trial, the party seeking protection shall file a Motion with the Court.

**D.**     **Duration**

This Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees in writing to terminate the obligation to protect Protected Material or a court orders otherwise.

For the purpose of enforcement of the provisions of this Order, this Court shall retain jurisdiction over the Parties and all persons who agree to be bound by this Order following the conclusion of this action.

**E.**     **Designating Protected Material**

1.     Documents That May Be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Any Producing Party may designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon making a good faith determination that the documents contain information defined as CONFIDENTIAL or HIGHLY CONFIDENTIAL in paragraphs B.5 and B.6, respectively, and subject to protection under Federal Rule of Civil Procedure 26.

2.     Form and Timing of Designations.  Designation of Protected Material in conformity with this Order requires:

(a)     For documents, information or other tangible items, the Designating Party shall designate such document, information, or other tangible item

as CONFIDENTIAL by marking the legend "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER IN *NAEYAERT v. KIMBERLY-CLARK CORP.,* NO. 5:17-CV-00950-JAK-JPR (C.D. CAL.)."

(b) For documents, information or other tangible items, the Designating Party shall designate such document, information or other tangible item as HIGHLY CONFIDENTIAL by marking the legend "HIGHLY CONFIDENTIAL — SUBJECT TO CONFIDENTIALITY ORDER IN *NAEYAERT v. KIMBERLY-CLARK CORP.,* NO. 5:17-CV-00950-JAK-JPR (C.D. CAL.)."

(c) If, during a deposition or within ten (10) days thereafter, a Designating Party advises the court reporter that CONFIDENTIAL information has been disclosed during a deposition, the entire transcript shall be treated as CONFIDENTIAL for thirty (30) days after the deposition, within which time Counsel for the Designating Party shall advise the court reporter of the pages and lines on which CONFIDENTIAL information appears. At the conclusion of such thirty (30) day period, transcript pages and Exhibits containing CONFIDENTIAL information shall continue to be treated as CONFIDENTIAL under this Order.

(d) If, during a deposition or within ten (10) days thereafter, a Designating Party advises the court reporter that HIGHLY CONFIDENTIAL information has been disclosed during a deposition, the entire transcript shall be treated as HIGHLY CONFIDENTIAL for thirty (30) days after the deposition, within which time Counsel for the Designating Party shall advise the court reporter of the pages and lines on which HIGHLY CONFIDENTIAL information appears. At the conclusion of such thirty (30) day period, transcript pages and Exhibits containing HIGHLY CONFIDENTIAL information shall continue to be treated as HIGHLY CONFIDENTIAL under this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on the face of each such page the legend

CONFIDENTIAL or HIGHLY CONFIDENTIAL, as instructed by the Designating Party.

The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or otherwise by written stipulation, without approval of the Court. No Such modification will have the force or effect of a court order.

(e) For information produced in some tangible form other than documentary, the Designating Party shall affix the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL, if necessary, in a prominent place on the exterior of the container or containers in which the information or item is stored. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced in such form, the Producing Party may designate such matter CONFIDENTIAL or HIGHLY CONFIDENTIAL by affixing to such media a label with the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL.

Whenever a Party to whom Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL.

(f) To the extent that any Party or Counsel creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Party and its Counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and will affix to any media containing such information a label with the legend specified in paragraph E.2.(a) of this Order for information designated as CONFIDENTIAL, or the legend specified in paragraph E.2.(b) of this Order for information designated as HIGHLY CONFIDENTIAL.

3. <u>Withdrawing a Designation</u>. If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation within a reasonable period of time.

4. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not automatically constitute a waiver of the Designating Party's right to secure protection for such material under this Order or otherwise but, upon a showing by the moving party, the Court may find a waiver. The Receiving Party, on notification by the Designating Party that the material is CONFIDENTIAL or HIGHLY CONFIDENTIAL, must thereafter make good faith efforts to assure that the material is treated in accordance with the provisions of this Order.

If the Receiving Party disagrees with the claim of confidentiality asserted by the Producing Party, the Receiving Party shall follow the procedure for challenging confidentiality designations provided for in Section F.2 of this Order.

5. <u>Inadvertent Production of Information Subject to Privilege, Work Product Protection or Other Protection</u>. Pursuant to Federal Rule of Evidence 502(d), if a

Producing Party inadvertently produces (or discloses) to a Receiving Party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product, and immunities created by federal or state statute or regulation), such production (or disclosure) shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery, either as to specific documents and information produced (or disclosed) or on the same or related subject matter.  The Producing Party may assert in writing a claim of privilege or immunity from discovery by giving notice to the Receiving Party in writing of the Producing Party's claim of privilege or immunity from discovery.  Within five (5) business days of receiving this written notice, the Receiving Party shall return, sequester, or destroy the original and all copies of the privileged materials, including copies of the privileged materials disseminated to other persons by the Receiving Party, and any notes made therefrom shall be destroyed.  In the event that the Receiving Party disagrees with the Producing Party's claim of privilege or immunity from discovery, then the Receiving Party shall notify the Producing Party within five (5) business days of receipt of the Producing Party's written notice of claim of privilege or immunity, and shall set forth the precise grounds upon which the Receiving Party's position rests.  If the Parties cannot resolve the matter, then a party may promptly present the dispute to the Court by motion under Local Rules 37 and 79-5.  <u>See</u> ¶ K(1).  From the moment a Party provides notice of inadvertent production (or disclosure), a Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.  Notwithstanding the foregoing, the Receiving Party may use the disputed documents or information only in connection with filing a motion under seal to challenge the assertion of the claim of privilege or immunity from discovery.

Gibson, Dunn & Crutcher LLP

Additionally, if the Receiving Party believes the Producing Party has inadvertently produced material that is otherwise protected by privilege, work-product protection, or other applicable protection, the Receiving Party shall comply with applicable ethical obligations.

**F.      Challenging Confidentiality Designations**

1. <u>Meet and Confer</u>.  A Receiving Party that believes in good faith that a Designating Party's confidentiality designation is improper must notify Outside Counsel for the Designating Party in writing, specifying by Bates numbers and/or page and line numbers the particular document(s) and/or testimony it believes has been improperly designated.  Thereafter, within seven (7) calendar days, the Parties shall meet and confer in good faith in an effort to resolve the issue.

2. <u>Judicial Intervention</u>.  A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered in meet and confer efforts by the Designating Party must provide written notice to the Designating Party that identifies the material that continues to be challenged.  The Parties shall thereafter follow the procedures for discovery disputes outlined in Local Rule 37, with the Designating Party providing the Receiving Party with its portion of the Joint Stipulation within ten (10) calendar days of receiving the Receiving Party's notice as to what material remains challenged.  The Parties shall then follow the rules outlined in Local Rule 37, and submit the dispute to the Court in compliance with Local Civil Rule 79-5, if applicable.  On such a motion, the Designating Party shall bear the burden of demonstrating that information should be treated as Confidential or Highly Confidential under the terms of this Order or otherwise.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the fullest extent of protection under this Order.  If the Designating Party does not provide the Receiving Party its portion of the Joint Stipulation within ten (10) calendar days of receiving written notice under this paragraph, then the challenged material shall no longer be determined to be protected by this Order.

## G. Access to and Use of Protected Material

1. <u>Basic Principles</u>. A Receiving Party and their counsel may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending or attempting to settle this case and for no other proceedings or purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, unless otherwise ordered by the Court or approved by the Designating Party in writing. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section L below ("Final Disposition").

2. <u>Confidentiality Agreement</u>. Any person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be disclosed pursuant to this Confidentiality Order (except for this Court and its personnel) shall first be shown and shall read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement (attached as Exhibit A). This provision shall not apply to documents or information that the Parties have agreed or the Court has ruled are not subject to the terms of this Order.

3. <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) retained Experts (as defined in this Order) of the Receiving Party;

    (c) undisclosed consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) any person who is shown on the face of the CONFIDENTIAL information to have authored or received it (but then may only be shown those specific portions of the CONFIDENTIAL information the person authored);

(e) the author or recipient of a document containing the CONFIDENTIAL information or a custodian or other person who otherwise possessed or knew the CONFIDENTIAL information (but then may only be shown those specific portions of the CONFIDENTIAL information the person otherwise possessed or knew);

(f) deponents at deposition, and their counsel, to the extent those deponents have previously seen the information or item;

(g) witnesses to the extent such disclosure is relevant to the testimony of the witness;

(h) the Court and its personnel;

(i) Plaintiff;

(j) Defendant;

(k) court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

(l) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(m) any special masters and/or mediators utilized in this litigation, and their employees and agents; and

(n) other persons only after (i) written notice to all parties and upon order of the Court, or (ii) upon written consent of the Producing Party.

Any Confidentiality Agreement signed by persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their

obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

No one may attend, or review the CONFIDENTIAL portions of a deposition, or a transcript of any deposition, other than persons listed in paragraph G.3. of this Confidentiality Order and counsel for the deponent. This provision shall not apply to documents or information that the Parties have agreed or the Court has ruled are not subject to the terms of this Order.

4. <u>Disclosure of HIGHLY CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by a court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to persons listed below, and only if this additional requirement is met: (1) HIGHLY CONFIDENTIAL information may not be disclosed to any Competitor:

    (a)    the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    retained Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)    undisclosed consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (d)    any person who is shown on the face of the HIGHLY CONFIDENTIAL information to have authored or received it (but then may only be shown those specific portions of the HIGHLY CONFIDENTIAL information the person authored or received);

    (e)    the author or recipient of a document containing the HIGHLY CONFIDENTIAL information or a custodian or other person who otherwise possessed or knew the HIGHLY CONFIDENTIAL information (but then may only be shown those specific portions of the HIGHLY CONFIDENTIAL information the person

otherwise possessed or knew), provided that HIGHLY CONFIDENTIAL information may not be disclosed to a Competitor;

  (f) deponents at deposition, and their counsel, to the extent those deponents have previously seen the information or item;

  (g) witnesses to the extent such disclosure is relevant to the testimony of the witness;

  (h) the Court and its personnel;

  (i) court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

  (j) Plaintiff;

  (k) Defendant;

  (l) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

  (m) any special masters and/or mediators utilized in this litigation, and their employees and agents; and

  (n) other persons only after (i) notice to all parties and upon order of the Court, or (ii) upon consent of the Producing Party.

Any Confidentiality Agreement signed by persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

No one may attend, or review the HIGHLY CONFIDENTIAL portions of a deposition, or a transcript of any deposition, other than persons listed in paragraph G.4. of this Confidentiality Order and counsel for the deponent. This provision shall not apply to documents or information that the Parties have agreed or the Court has ruled are not subject to the terms of this Order.

Gibson, Dunn &
Crutcher LLP

14

**H.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Receiving Party must notify the Designating Party or its Counsel in writing immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order unless prohibited by law.  The Receiving Party shall not produce the Protected Material until the Designating Party has had ten (10) calendar days to take appropriate steps to protect the material.  It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

**I.    Limited Sharing of Protected Material**

Notwithstanding the provisions of this Order, any Party shall be permitted to disclose Protected Material to any federal government branch, agency or division in response to a request for such material by any federal government branch, agency or division.

Nothing herein shall prevent Plaintiff, or any other party or third-party, from seeking to modify this Order to permit access to, and/or the sharing of, CONFIDENTIAL or HIGHLY CONFIDENTIAL information with other individuals or entities for any purpose.  In connection with such efforts, no Producing Party or Designating Party shall be permitted to argue that the lack of a sharing provision in the original Order, including any reliance on this fact, has any relevance to the Court's determination as to whether to modify the Order.

## J. Non-Party Protection

A non-party to this action who desires protection of any discovery obtained from it in this action may obtain such protection under this Order by executing and serving on each Party a copy of the Confidentiality Agreement and filing the executed copy with the Court.

## K. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve both the Protected Material and all Secondary Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Confidentiality Agreement.

1. Filing or Discussing Protected Material in Open Court. Without written permission from the Designating Party or permission from the Court, a Party may not file (except under seal or accompanying an application to file under seal, which application shall be filed in compliance with the Local Rules) any Protected Material in the public record of this action. A Party that seeks to file under seal any such material must comply with Local Civil Rule 79-5 and Ninth Circuit precedent, including but not limited to *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).

Consistent with Local Civil Rule 79-5, documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be labeled as such, be filed under seal, and any motion discussing such documents must be either filed under seal or partially under seal. The cover page of such document shall also bear the legend "FILED UNDER SEAL." Only those portions of such documents and materials containing or reflecting

CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be considered as such, and may be disclosed only in accordance with this Order.

**L. <u>Final Disposition.</u>**

1. Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this action and the exhaustion of all appeals, each Receiving Party must return or destroy all Protected Material to the Producing Party. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Order as set forth in Section D ("Duration") above.

**M. <u>Miscellaneous</u>**

1. <u>Right to Further Relief</u>. Nothing in this Order limits the right of any person to seek its modification by the Court in the future. Moreover, nothing in this Order shall prevent a Producing Party or Designating Party from obtaining a further or different order, including a protective order, that governs its production of material either by stipulation or Court order. Motions to modify this Order shall be served and filed in compliance with the Local Rules, the presiding judge's standing orders, and other relevant orders.

2. <u>Right to Assert Other Objections</u>. By stipulating to this Confidentiality Order, no Party waives any rights it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Stipulated

Confidentiality Order.  Similarly, no Party waives any right to object on any ground relating to the admissibility of the material covered by this Confidentiality Order.

3. <u>Applicable Law</u>.  The Order is subject to the Local Rules of the Central District of California and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

4. <u>Additional Parties</u>.  In the event that additional parties are named in this Action, neither they nor their Counsel shall have access to Protected Material until executing the Confidentiality Agreement, and filing the agreement with the Court.

Gibson, Dunn & Crutcher LLP

# EXHIBIT A

*NAEYAERT v. KIMBERLY-CLARK CORP.*,

NO. 5:17-CV-00950-JAK-JPR (C.D. CAL.).

## CONFIDENTIALITY AGREEMENT

1. I have read and understand the "Confidentiality Order" to which this Confidentiality Agreement is attached and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may be provided to me and that such access is subject to the terms and conditions of such Confidentiality Order. I agree to be bound by such terms and conditions. I hereby submit to the jurisdiction of this Court and to the application of federal law for the purpose of enforcement of this Confidentiality Agreement and the Confidentiality Order.

2. I shall not use or disclose to others, except in accordance with the Confidentiality Order, any CONFIDENTIAL or HIGHLY CONFIDENTIAL information as described or designated in accordance with this agreement. I understand that the Designating Parties retain all rights to enforce the Confidentiality Order and all remedies regarding any violations of the same.

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

_____
Date

Agreed February 7, 2018

VERONICA S. LEWIS, admitted *pro hac vice*
THEODORE J. BOUTROUS JR., SBN 132099
JULIAN W. POON, SBN 219843
THEANE EVANGELIS, SBN 243570
OLIVIA A. ADENDORFF, admitted *pro hac vice*
ANDREW P. LEGRAND, admitted *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP


By: /s/ Veronica S. Lewis
    Veronica S. Lewis


Attorneys for Kimberly-Clark Corporation


MICHAEL J. AVENATTI
AHMED IBRAHIM
EAGAN AVENATTI, LLP


By: /s/ Michael J. Avenatti
    Michael J. Avenatti

Attorneys for Christopher P. Naeyaert

**IT IS SO ORDERED**

Dated: March 1, 2018

*[signature: Jean Rosenbluth]*

HON. JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE